

**ORDERED in the Southern District of Florida on May 23, 2025.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Case No.: 24-12145-BKC-MAM |
| Todd Kress,<br>    Debtor(s).<br>_____/ | Chapter 7 |
| Anne Timperman and Jurgen Timperman,<br>    Plaintiff(s),<br>v.<br>Todd Kress,<br>    Defendant(s).<br>_____/ | Adv. Proc. No.: 24-01279-MAM |

## MEMORANDUM ORDER DENYING SUMMARY JUDGMENT

Anne Timperman and Jurgen Timperman (the "Timpermans") initiated this adversary proceeding by filing a one-count complaint[1] seeking a determination of

---
[1] As amended, ECF No. 10.

nondischargeability of their claim under Bankruptcy Code § 523(a)(2)(A).[2] The Timpermans also filed a motion seeking summary judgment on the complaint (ECF No. 15) (the "Motion"). After some initial noncompliance with the Court's standard briefing order, the parties submitted a *Response* (ECF No. 21), a *Reply* (ECF No. 25), and a *Joint Stipulation of Material Facts* (ECF No. 37). The Court considered all applicable filings and exhibits.

In the Motion, the Timpermans primarily argue that a prior state court judgment (ECF No. 10-6) (the "Final Judgment") collaterally estops this Court's determination of nondischargeability. The Final Judgment awards damages of $70,196 against Debtor Todd Kress (and others) for violation(s) of §501.204 of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).[3]

## LEGAL STANDARDS

A. Summary Judgment

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) and Fed. R. Bankr. P. 7056. The Court may consider depositions, documents, affidavits or declarations, and admissions in its summary judgement analysis. *Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*, 981 F. Supp. 2d 1302, 1305-06 (S.D. Fla. 2013) (citing

---

[2] Although the complaint fails to reference it, the Timpermans filed proof of claim #5 in the main bankruptcy case.

[3] The Final Judgment awards damages jointly and severally. ECF No. 1-6, pp. 2-3.

Fed. R. Civ. P. 56(c)).

The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Diaz v. Amerijet Int'l, Inc.*, 872 F. Supp. 2d 1365, 1368 (S.D. Fla. 2012) (quoting *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997)) (internal quotation marks omitted); *see also Morton v. Kirkwood*, 707 F.3d 1276, 1280 (11th Cir. 2013). The moving party "always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314-15 (11th Cir. 2011).

B. Collateral Estoppel

Collateral estoppel (sometimes called res judicata)[4] applies when a prior order or opinion ascribes liability to a defendant based upon an identical legal theory. Collateral estoppel requires that:

> (1) the issue at stake must be identical to the one decided in the prior litigation;
> (2) the issue must have been actually litigated in the prior

---

[4] State courts frequently use the terms collateral estoppel, judgment by estoppel, and issue preclusion interchangeably. *Harris v. Jayo (In re Harris)*, 3 F.4th 1339, 1342 n.1 (11th Cir. 2021). Federal courts in this Circuit have been more precise. *See, e.g., Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263-64 (11th Cir. 2011) (describing res judicata as including both claim preclusion and issue preclusion). This order discusses collateral estoppel in alignment with the Timpermans' arguments.

3

proceeding;
    (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and
    (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case.

*St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 676 (11th Cir. 1993) (applying Florida collateral estoppel law and explaining basis for doing so). Although the third element—"critical and necessary"—has been a topic of some debate in this Circuit,[5] courts agree that the concepts supporting application of collateral estoppel include efficiency, fairness, comity, and the finality of judgments. If a court of competent jurisdiction has issued a final judgment on specific factual and legal issues, protracted litigation of the identical claims in another trial court is unnecessary and inappropriate. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

C. § 523(a)(2)(A)

Section 523(a)(2)(A) prohibits discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). The subsection provides three alternative grounds for dischargeability: false representation, actual fraud, or false pretenses,.

To succeed on a § 523(a)(2)(A) claim alleging false representation or actual fraud, courts typically require litigants to prove the common law elements of fraud.

---

[5] *Harris* contains a detailed discussion of this debate. 3 F.4th at 1346 n.3 (consideration of critical and necessary element required only if issues in prior action and the dischargeability proceeding are identical).

4

*SEC v. Bilzerian (In re Bilzerian),* 153 F.3d 1278, 1281 (11th Cir. 1998); *Husky Int'l Electronics, Inc. v. Ritz,* 578 U.S. 355, 360 (2016). *C.f. SE Prop. Holdings v. Gaddy (In re Gaddy),* F.3d 1051, 1057 (11th Cir. 2020). In the context of § 523(a)(2)(A), those elements include: "(1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the misrepresentation, (3) the reliance was justified, and (4) the creditor sustained a loss as a result of the misrepresentation." *Bilzerian,* 153 F.3d at 1281.

Section 523(a)(2)(A) also applies to debts arising from false pretenses. False pretenses may encompass implied misrepresentations or conduct intended to create and foster a false impression. *Ershowsky v. Freedman (In re Freedman)*, 431 B.R. 245, 256 (Bankr. S.D. Fla. 2010). As with actual fraud and false representation, creditors seeking redress for false pretenses under § 523(a)(2)(A) must demonstrate justifiable reliance and the debtor's specific intent to mislead, trick, or cheat. *City Bank & Trust Co. v. Vann (In re Vann),* 67 F.3d 277, 283-84 (11th Cir. 1995); *Robb v. Gividen (In re Gividen),* 667 B.R. 171, 181-82 (Bankr. N.D. Ga. 2025). A court's determination of intent often requires an in-person assessment of the debtor's credibility and demeanor. 667 B.R. 181-82.

## ANALYSIS

Section 523(a)(2)(A) is tricky to analyze in the context of summary judgment because the elements are fact intensive and the record rarely provides sufficient detail. Arguments for collateral estoppel based on prior state court judgments often

5

fail because bankruptcy courts exercise exclusive jurisdiction over nondischargeability claims, and the elements of those claims are usually not coextensive with state court claims. *Spires v. Gregg (In re Gregg)*, 268 B.R. 295, 301 (Bankr. N.D. Fla. 2001); *Harris*, 3 F.4th at 1346 (stressing necessity of "identical" elements between state law and nondischargeability claim). A bankruptcy court's nondischargeability analysis may also be broader in scope, encompassing facts not in the state court record. *Id*.

The Joint Stipulation provides a starting point for the Court's nondischargeability analysis. It answers some, but not all, of the necessary questions under § 523(a)(2)(A). Both parties acknowledge that Kress promised completion of construction work by the end of summer 2022 and that the work was not timely completed. They also agree that the Timpermans relied upon Kress's promises. Where they diverge is on the issue of intent. The Joint Stipulation, unsurprisingly, does not contain an admission of intent to defraud or deceive.

When faced with the prospect of a debt remaining a permanent fixture in their lives, debtors rarely acknowledge fraudulent intent. *Gividen*, 667 B.R. at 181. Although the Court may infer intent from the record, doing so could erroneously ascribe intent where none exists. The presentation of testimonial evidence ensures that interpretation of the record remains grounded in fact. *Id.* at 182 ("Because the primary issue here will focus on the Debtor's intent at the time of the agreement, it

will need to be decided through an evaluation of witness testimony in open court.")

The email communications between Kress and the Timpermans provide a window into their relationship and support the Timpermans' claims. But they simply are not enough, standing alone, to conclude that the preponderance of the evidence supports a finding of fraudulent intent.

The Eleventh Circuit Court of Appeals has cautioned bankruptcy courts against resolving nondischargeability claims without taking ample evidence, warning that any reasonable doubt regarding the impact of a prior judgment undermines use of the judgment as an estoppel. *Harris*, 3 F.4th at 1346. The Court will heed the Eleventh Circuit's admonition.

The Final Judgment also does not adequately resolve the question of whether Kress made promises to the Timpermans with the specific intent to mislead, trick, or cheat.[6] *Gividen*, 667 B.R. at 181. Intent is a material component of all types of § 523(a)(2)(A) claims. *Bilzerian,* 153 F.3d at 1281; *Gividen*, 667 B.R. at 181. It is not an element of a FDUTPA claim. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1097 (11th Cir. 2021) ("The three elements of a consumer claim under FDUTPA are: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages); *Samuels v. Am. Legal Clinic, Inc. (In re Samuels)*, 176 B.R. 616, 625 (Bankr. M.D. Fla. 1994) ("A finding of fraud is not necessary to sustain a violation of the Florida Deceptive and Unfair Trade Practices Act."). The claims are not identical, which means that the

---

[6] The Final Judgment contains no specific factual findings regarding intent.

7

first prong of the test for collateral estoppel is not met. *Harris*, 3 F.4th at 1346.

## CONCLUSION

Kress firmly denies the existence of fraudulent intent and the Court declines to infer it absent the opportunity to assess Kress's candor and credibility in open court. The Court DENIES the Motion because material facts remain in dispute. The matter will proceed to trial.

###

Copy furnished to:

Eric D. Jacobs, Attorney for the Timpermans

Attorney Jacobs must serve this Order upon all interested parties in compliance with all applicable rules and file a conforming certificate of service.